UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOY LARSON; ROGER DOLE; and minor children C.S. and E.S., <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF BENEWAH; COUNTY OF BENEWAH OFFICIALS, in their private and individual capacities; and ALL OTHER PARTIES ACTING IN CONCERT; EACH UNNAMED DEFENDANT (1-99), <br><br>Defendants. | Case No. 2:18-cv-00287-DCN <br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Benewah County's (the "County") Motion for More Definite Statement. Dkt. 2. The Motion is ripe for the Court's consideration.[1] Upon review, the Court finds good case to GRANT the Motion. The Court will grant

---

[1] Plaintiffs did not file a response to the motion and the time to do so has expired.

Plaintiffs leave to file an Amended Complaint to clarify their claims and provide an adequate factual basis for each alleged constitutional violation.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Pursuant to Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for more definite statement must "point out the defects complained of and the details desired." *Id., see also Biondo v. Kootenai Hosp. Dist.,* No. 1:17-CV-00039-BLW, 2017 WL 2198186, at *2 (D. Idaho May 18, 2017).

## III. ANALYSIS

In the instant case, the County asserts that "the current Complaint contains only broad, general allegations that Benewah County employees engaged in wrongful and unconstitutional actions toward the plaintiffs," but that, without knowing "what those

actions were, when they occurred, and which Benewah County employees allegedly committed them," it cannot properly respond. Dkt. 2, at 2.

The Court has reviewed Plaintiff's Complaint and agrees with the County. Plaintiffs assert broadly that "said defendants" or "all defendants" committed various constitutional violations, but do not list specific facts, people, or circumstances. Without more detail, the County cannot accurately respond.

The Court is mindful that the Plaintiffs in this matter are proceeding *pro se* and, as such, the Court must construe the filings and motions liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). While *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiffs must comply with the threshold pleading standards set out in Federal Rule of Procedure 8 and provide sufficient details in their Complaint to put the County on notice of what each claim is and the factual basis that supports each claim. For example, Plaintiffs should identify which county officials committed the alleged violations, when, and in what manner.

## IV. ORDER

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for More Definite Statement (Dkt. 2) is **GRANTED.**
2. Plaintiffs shall file an Amended Complaint clarifying their constitutional claims, specifically the factual basis underlying each claim, on or before August 31, 2018.

MEMORANDUM DECISION AND ORDER - 3

3. Failure to file an Amended Complaint may result in dismissal of this action without further notice pursuant to Federal Rule of Procedure 12(e).

DATED: August 8, 2018

_____
David C. Nye
U.S. District Court Judge